FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 06, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GEOFFREY ROBERT LAWSON, SR., | No. 2:16-CV-00361-SMJ |
| Plaintiff, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| v. | |
| DAN PACHOLKE; ELDON VAIL; ISRAEL ROY GONZALES; BRANDON WELLS; MARTHA HAYES; TAMERA AVERY; LORI WONDERS; JOHN DOES 1–10; PAUL BARKER; BONNIE LONGINO; H. HERNANDEZ; LT. D. BUSS; LT. M. MARRY; CC2 JORDAN; BERNARD WARNER; RACHEL SHOOK; and TRACY STUENKEL, | |
| Defendants. | |

Before the Court, without oral argument, is Plaintiff Geoffrey R. Lawson's construed motion for reconsideration, ECF No. 71. Plaintiff sent a letter to the Court titled "Plaintiff's Objections." The Court has reviewed the document and case file and construes this letter as a motion for reconsideration of its: (1) Order Denying Plaintiff's Motion for Preliminary Judgment, ECF No. 67; (2) Order Denying

ORDER DENYING MOTION FOR RECONSIDERATION **-** 1

Plaintiff's Motion for Protective Order and In Camera Review, ECF No. 68; and (3) Order Granting Defendants Leave to Amend Answer, ECF No. 69.

As a preliminary matter, Plaintiff's motion for reconsideration exceeds the page limits imposed by the Court. *See* ECF No. 52 at 10. Given that the motion has been handwritten, especially by a *pro se* litigant, the Court exercises leniency.

Plaintiff also requests a telephonic hearing on the matter. ECF No. 71 at 2. The Court has already noted in its Scheduling Order, ECF No. 52, that motions for reconsideration are considered without a hearing. As such, the Court denies this request.

The Court now turns to the merits.

**1.      Plaintiff's Motion for Preliminary Judgment**

In its Order Denying Plaintiff's Motion for Preliminary Judgment, the Court first construed Plaintiff's motion as one for a preliminary injunction. ECF No. 67. It then denied Plaintiff's motion because he was unable to show that he was likely to succeed on the merits. *Id.* at 6. Specifically, Plaintiff could not show that Defendants' conduct injured him in his criminal appeal because the court of appeals accepted and addressed on the merits Plaintiff's statement of additional grounds. *Id.* And, Plaintiff could not show that Defendants violated his rights by banning laptop use and compact discs (CDs) from non-authorized vendors. *Id.* at 7–10.

Plaintiff argues that he was not provided a "full and fair opportunity" to present his evidence. ECF No. 71 at 4–5. Puzzlingly, Plaintiff had such an opportunity to do so in his motion. To the extent Plaintiff argues that there should have been an evidentiary hearing, this is *generally* true. However, because the relief sought failed as a matter of law, i.e., Plaintiff could not show a likelihood of success on the merits, the Court did not hold an evidentiary hearing. Any resolved factual disputes would not save Plaintiff's claim for relief.

Insofar as Plaintiff argues that the Court should have advanced the trial on the merits, the Court has discretion under Federal Rule of Civil Procedure 65(a)(2) to decline to do so. Indeed, the Court declined to do so because Plaintiff had not provided a reason "for the necessity of an expedited decision." ECF No. 67 at 10. And, as discussed above, the Court declined to hold an evidentiary hearing, so the trial could not be consolidated with the hearing.

Accordingly, the Court denies Plaintiff's motion for reconsideration of its Order Denying Plaintiff's Motion for Preliminary Judgment.

**2.    Plaintiff's Motion for Protective Order and In Camera Review**

In its Order Denying Plaintiff's Motion for Protective Order and In Camera Review, the Court noted that Plaintiff's requests were inappropriate because Plaintiff did not claim the CDs were privileged, the relief sought was duplicative of

the construed motion for preliminary injunction, and the CDs would be returned at the conclusion of the case. ECF No. 68.

Plaintiff claims that this calls into question "the appearance of fairness" because the Court refused to review and evaluate the CD evidence. ECF No. 71 at 5. However, Plaintiff does not present any new facts or information for the Court to consider. As such, the Court denies Plaintiff's motion for reconsideration of its Order Denying Plaintiff's Motion for Protective Order and In Camera Review.

**3. Defendants' Motion for Leave to Amend Answer**

In its Order Granting Defendants Leave to Amend Answer, the Court concluded that justice required leave to amend. Specifically, Defendants discovered that Plaintiff had asserted identical claims in a previous suit, and sought to include the affirmative defense of res judicata. ECF No. 69 at 2. The Court also specifically noted that the proposed amendment would not prejudice Plaintiff because the matter was in its early stages. *Id.*

Plaintiff claims that the Court was unfair to grant Defendants leave to amend before Plaintiff responded. ECF No. 71 at 6. Plaintiff is correct that he was entitled to respond to the motion. But Plaintiff misunderstands: the Court may await a responsive pleading if it would be helpful in its determination, such as for substantive motions. Otherwise, the Court may promptly consider a motion to move the case forward. For example, the Court did not await Defendants' response prior

to granting Plaintiff's Motion for Extension of Time to File First Amended Complaint, ECF No. 17. Indeed, it granted Plaintiff's motion on the same day. ECF No. 18.

Moreover, Plaintiff does not claim now that there was prejudice. As such, the Court is unpersuaded that it erred and does not strike the Amended Answer that has already been filed. Accordingly, the Court denies Plaintiff's motion for reconsideration of its Order Granting Defendants Leave to Amend Answer.

Accordingly, **IT IS HEREBY ORDERED**: Plaintiff's construed motion for reconsideration, **ECF No. 71**, is **DENIED**.

**IT IS SO ORDERED**. The Clerk's Office is directed to enter this Order and provide copies to Plaintiff and all counsel.

**DATED** this 6th day of September 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge