FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 02, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GEOFFREY ROBERT LAWSON, SR., <br><br> Plaintiff, <br><br> v. <br><br> DAN PACHOLKE; ELDON VAIL; ISRAEL ROY GONZALES; BRANDON WELLS; MARTHA HAYES; TAMERA AVERY; LORI WONDERS; JOHN DOES 1–10; PAUL BARKER; BONNIE LONGINO; H. HERNANDEZ; LT. D. BUSS; LT. M. MARRY; CC2 JORDAN; BERNARD WARNER; RACHEL SHOOK; and TRACY STUENKEL, <br><br> Defendants. | No. 2:16-CV-00361-SMJ <br><br> **ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |

Before the Court, without oral argument, is Plaintiff Geoffrey Robert Lawson, Sr.'s Motion for Preliminary Injunction, ECF No. 82. Plaintiff seeks a preliminary injunction "enjoining and restraining Defendants from denying Plaintiff access to withdraw funds from his mandatory savings account held by D.O.C. in order to serve process on a defendant related to his conditions of confinement." *Id.* at 2. Having reviewed the pleadings and the file in this matter,

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION **-** 1

the Court is fully informed and denies Plaintiff's motion.

## I. BACKGROUND

Plaintiff brings a 42 U.S.C. § 1983 claim against Defendants, alleging that they violated his First and Fourteenth Amendment rights to access the courts by prohibiting him from accessing the law library, obtaining compact discs (CDs) from non-approved vendors, and possessing a personal laptop. ECF No. 23.

## II. LEGAL STANDARD

"Preliminary injunctions are an 'extraordinary remedy never awarded as of right." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). To obtain a preliminary injunction, a plaintiff must demonstrate that "(1) [he] is likely to succeed on the merits of [his] claim, (2) [he] is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of hardships tips in [his] favor, and (4) a preliminary injunction is in the public interest." *Int'l Franchise Ass'n v. City of Seattle*, 803 F.3d 389, 399 (9th Cir. 2015) (citing *Winter*, 555 U.S. at 20).

Whether the plaintiff is likely to succeed on the merits is a threshold inquiry; when a plaintiff fails to show the likelihood of success on the merits, a court need not consider the remaining elements. *Garcia*, 786 F.3d at 740.

Additionally, courts face further restrictions when a civil action involves a prisoner plaintiff seeking preliminary injunctive relief against prison officials with

respect to prison conditions:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief. . . .

18 U.S.C. § 3626(a)(2). This statute "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

### III. DISCUSSION

Plaintiff informs the Court that in the state action he initiated on August 27, 2018, Plaintiff was directed to serve on the defendants a copy of the Case Assignment Notice, the summons, and the complaint. ECF No. 82 at 3. He submitted a Mandatory Savings Account Access form to his prison counselor, requesting that a check be made payable to the Thurston County Sheriff's Department to effect service. *Id.* at 4. However, his request was denied, and Plaintiff alleges that he cannot serve the defendants in that lawsuit without such funds. *Id.* He further alleges that the defendants keep him in a "perpetual state of poverty" due to their mandatory deduction scheme that prevents him from accumulating the funds necessary to effect service. *Id.* at 5.

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION - 3

Defendants respond that the Court does not exercise jurisdiction to provide injunctive relief because Plaintiff seeks injunctive relief based on claims not pleaded in the complaint. ECF No. 83 at 5. Indeed, a preliminary injunction is only appropriate to grant relief of the "same character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). A court may not issue an injunction in "a matter lying wholly outside the issues in the suit." *Id.* In other words, a plaintiff must show a relationship, or nexus, between the injury claimed in his motion for injunctive relief and the conduct asserted in the underlying complaint. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 635 (9th Cir. 2015).

Here, even while the Court construes liberally Plaintiff's motion, *see Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), the factual allegations in Plaintiff's motion have no nexus to the factual allegations underlying his rights-to-access claim in violation of the First and Fourteenth Amendments. Specifically, Plaintiff makes no showing that Defendants' "mandatory deduction matrix," which allegedly prevents him from having enough funds to effect service in another lawsuit, is related to the facts in this case. And, the relief that could be granted in this case would not redress the allegations underlying Plaintiff's motion.

Accordingly, the Court lacks jurisdiction to decide Plaintiff's motion. Even if the Court were to find a tenuous nexus, Plaintiff is unlikely to succeed on the

merits, as Plaintiff fails to show how or why Defendants' mandatory deductions from his account are unconstitutional.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion.

Accordingly, **IT IS HEREBY ORDERED**:

Plaintiff's Motion for Preliminary Injunction, **ECF No. 82**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel and to Plaintiff.

**DATED** this 2nd day of October 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge